FILED
JUne 5, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

03-15-00248-CV

Filed in The District Court
of Travis County, Texas

MAR 19 2015

At_____3:10_____P M.
Velva L. Price, District Clerk

Cause No. D-1-GN-11-003205
(**Consolidated**)

| | | |
|---|---|---|
| RAYMOND BOYTIM, et al., Individually and on Behalf of All Others Similarly Situated, | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § § | |
| vs. | § § | TRAVIS COUNTY, TEXAS |
| BRIGHAM EXPLORATION COMPANY, et al., | § § § | 261st JUDICIAL DISTRICT |
| Defendants. | § § § § | |

---

### PLAINTIFFS' RESPONSE TO DEFENDANTS STATOIL ASA AND FARGO ACQUISITION, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF OPPOSITION TO CLASS CERTIFICATION AND OBJECTIONS TO PLAINTIFFS' PROPOSED AMENDED PLAN FOR TRIAL OF CLASS CLAIMS

---

1014174_1

Plaintiffs respectfully submit this response to defendants Statoil ASA and Fargo Acquisition, Inc.'s (collectively "Statoil") Supplemental Brief in Support of Opposition to Class Certification and Objections to Plaintiffs' Proposed Amended Plan for Trial of Class Claims ("Supp. Brief").[1]

In its supplemental brief, Statoil makes two arguments for why a class of Brigham shareholders should not be re-certified. First, unlike defendants' joint opposition, which simply opposes the idea of class certification in these types of cases, Statoil actually addresses plaintiffs' proposed trial plan. Focusing on plaintiffs' aiding and abetting a breach of fiduciary duty claim, Statoil contends that the trial plan is deficient in that it does not: (i) address each element of plaintiffs' aiding and abetting claim; and (ii) provide analysis of potential facts that might support that claim. Supp. Brief at 3-5.

These criticisms are easily disposed of, as plaintiffs are more than willing to incorporate Statoil's input into the proposed trial plan. Accordingly, plaintiffs have amended their trial plan to incorporate Statoil's suggestions. *See* Second [Proposed] Amended Trial Plan for Trial of Class Claims ("Second Amended Trial Plan") attached hereto as Ex. A, §§I.B and III.B.1.

Notably, these amendments only serve to further highlight the appropriateness of class certification, which is why Statoil levies a procedural attack on the content of the trial plan, rather

---

[1]     On March 2, 2015, two briefs were filed in response to plaintiffs' proposed amended trial plan: (i) all defendants filed a Joint Opposition to Class Certification and Plaintiffs' Proposed Amended Plan for Trial of Class Claims; and (ii) defendant Statoil separately filed a Supplemental Brief in Support of Opposition to Class Certification and Objections to Plaintiffs' Proposed Amended Plan for Trial of Class Claims. Although both briefs were filed on the same day, due to an error in the e-mail service of process for the supplemental brief, plaintiffs' counsel responsible for handling the briefing on class certification did not become aware that the supplemental brief had been filed until two weeks later, on March 17, 2015. The e-mail address of the attorney primarily responsible for handling the briefing was misspelled in the service e-mail. To their credit, counsel for Statoil brought the error to plaintiffs' counsel's attention on March 17, 2015, after plaintiffs had filed their response to the joint opposition. Plaintiffs have filed a response to Statoil's supplemental brief as quickly as possible to ensure that Statoil and the Court have sufficient time to review and consider it in advance of the March 31, 2015 hearing on plaintiffs' amended trial plan.

- 1 -

than arguing that the aiding and abetting claim raises individual issues. As explained in the trial plan, plaintiffs' aiding and abetting claim is predicated on plaintiffs' breach of fiduciary duty claim. *See* Second Amended Trial Plan, §III.B.1. These claims share three of the same elements (the existence of a fiduciary relationship between the directors and shareholders, a breach of that duty, and damages) and thus, will rely on much of the same proof.[2] As with their breach of fiduciary duty claim, plaintiffs will establish the aiding and abetting claim through contemporaneously created internal Brigham and Statoil documents, testimony from Brigham's directors and officers and certain of its executives, testimony from Statoil's executives, e-mails and other correspondence between Brigham and Statoil, and documents and testimony from the financial advisors retained by Brigham and Statoil. All of this evidence is common to the class, and Statoil does not suggest otherwise. It is clear that plaintiffs' aiding and abetting claim can be tried through class-wide proof. *See In re Rural Metro Corp. S'holders Litig.*, 88 A.3d 54 (Del. Ch. 2014) (finding, after class-wide trial, that the directors of Rural Metro Corp. had breached their fiduciary duties to a class of shareholders in connection with a sale of the company and that the Board's financial advisor had aided and abetted that violation).

As to Statoil's second argument – that plaintiffs are not adequate class representatives for the aiding and abetting claim, it has already been considered and rejected by this Court. Supp. Brief at 6-9. Just as it does here, Statoil argued during the initial class certification proceedings that plaintiffs are inadequate class representatives because they do not have not sufficient knowledge about the litigation. *Compare* Defendants' Combined Opposition to Motion for Class Certification, filed October 18, 2012,

---

[2] To the extent Statoil suggests that plaintiffs must establish the merits of their aiding and abetting claim before obtaining class certification, it is wrong. "'Deciding the merits of the suit in order to determine . . . its maintainability as a class action is not appropriate.'" *Exxon Mobil Corp. v. Gill*, 299 S.W.3d 124, 126 (Tex. 2009); *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 315 (Tex. 2008) ("We have followed the United States Supreme Court's directive in *Eisen*, holding that '[d]eciding the merits of the suit in order to determine the scope of the class or its maintainability as a class action is not appropriate.'").

- 2 -

at 13-15 ("plaintiffs are inadequate class representatives because they not sufficiently familiar with the litigation") *with* Supp. Brief at 6-9 (same). That argument extended to the sufficiency of plaintiffs' knowledge as to the aiding and abetting claim against Statoil. Combined Opposition to Motion for Class Certification at 14 (arguing that Ms. Goodman, Mr. Duncan, Mr. Whalen, and Mr. Boytim were not familiar with Statoil or the claims against it). The Court rejected these arguments, finding in its class certification order that "[p]laintiffs will fairly and adequately protect the interests of the Class." February 27, 2013 Order Granting Class Certification at 2.

Before making this finding, the Court considered extensive evidentiary submissions from the parties. Along with full briefing on the issue, the Court held a full-day evidentiary hearing at which it heard live testimony from four of the named plaintiffs. Defendants cross-examined these plaintiffs at length during that hearing. In addition, following the hearing, the parties submitted: (i) a compact disc, compiled by defendants, containing videotaped excerpts from the depositions of the proposed class representatives which defendants believed supported their position that the named plaintiffs were inadequate; and (ii) complete copies of the deposition transcripts of the named plaintiffs. In the interest of brevity, plaintiffs will not repeat their discussion of the extensive evidence supporting the Court's finding and rebutting Statoil's arguments, but respectfully refer the Court to plaintiffs' class certification briefs and exhibits, and incorporate them by reference.

This Court was no doubt in an excellent position to evaluate the sufficiency of each of the plaintiffs as class representatives. Indeed, nothing in the Court of Appeal's decision indicates that it had any problem with the Court's adequacy findings – factual findings which are committed to the discretion of the Court. *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 691 (Tex. 2002) ("[a] trial court has discretion to rule on class certification issues, and some of its determinations – like those based on its assessment of the credibility of witnesses, for example – must be given the benefit of the

- 3 -

doubt"); *Farmers Ins. Exch. v. Leonard*, 125 S.W.3d 55, 68 (Tex. App.–Austin 2003, pet. denied) ("the trial court is in the best position to weigh the credibility of Leonard and Sawyer as well as to determine the ability and integrity of class counsel to represent the entire class"). There is no reason for the Court to revisit its previous findings, especially since Statoil presents the Court with nothing new in the law or in the factual record to support its argument.

Defendants have now had many opportunities over the past two years to demonstrate to this Court why class certification is not warranted. At every turn, they have failed. The reason for that is simple: cases such as this one are routinely certified *and successfully tried* as class actions in every jurisdiction where class actions exist, including in Texas. Plaintiffs have proposed a trial plan which has been proven workable by real-world experience. That plan explains how this case will be tried in a timely, manageable way, and it should be adopted by the Court.

DATED: March 19, 2015

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
RANDALL J. BARON
DAVID T. WISSBROECKER
STEVEN M. JODLOWSKI



RANDALL J. BARON

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
MARK S. REICH
MICHAEL G. CAPECI
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

- 4 -

Class Counsel for Plaintiffs

BOULETTE & GOLDEN LLP
MICHAEL D. MARIN
Texas Bar #00791174
2801 Via Fortuna Drive, Suite 530
Austin, TX 78746
Telephone: 512/732-8900
512/732-8905 (fax)

Liaison Counsel

KENDALL LAW GROUP, LLP
JOE KENDALL
DANIEL HILL
JAMIE J. McKEY
3232 McKinney Avenue, Suite 700
Dallas, TX 75204
Telephone: 214/744-3000
214/744-3015 (fax)

THE BRISCOE LAW FIRM, PLLC
WILLIE C. BRISCOE
8150 N. Central Expressway, Suite 1575
Dallas, TX 75206
Telephone: 214/239-4568
281/254-7789 (fax)

ARMBURST & BROWN, PLLC
MICHAEL BURNETT
100 Congress Avenue, Suite 1300
Austin, TX 78702
Telephone: 512/435-2300
512/435-2360 (fax)

ROBBINS ARROYO LLP
BRIAN J. ROBBINS
STEPHEN J. ODDO
EDWARD B. GERARD
JUSTIN D. RIEGER
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: 619/525-3990
619/525-3991 (fax)

DUNNAM DUNNAM HARMON WEST
   LINDLEY & RYAN LLP
HAMILTON P. LINDLEY
4125 W. Waco Drive
Waco, TX 76710
Telephone: 254/753-6437
254/753-7434 (fax)

- 5 -

BRODSKY & SMITH, LLC
EVAN J. SMITH
MARC ACKERMAN
Two Bala Plaza, Suite 510
Bala Cynwyd, PA 19004
Telephone: 610/667-6200
610/667-9029 (fax)

LEVI & KORSINSKY, LLP
SHANE T. ROWLEY
30 Broad Street, 24th Floor
New York, NY 10004
Telephone: 212/363-7500
866/367-6510 (fax)

KOHN, SWIFT & GRAF, P.C.
DENIS F. SHEILS
One South Broad Street, Suite 2100
Philadelphia, PA 19107-3389
Telephone: 215/238-1700
215/238-1968 (fax)

THE WEISER LAW FIRM, P.C.
PATRICIA C. WEISER
JAMES M. FICARO
22 Cassatt Avenue
Berwyn, PA 19312
Telephone: 610/225-2677
610/225-2678 (fax)

RYAN & MANISKAS, LLP
KATHARINE M. RYAN
RICHARD A. MANISKAS
995 Old Eagle School Road, Suite 311
Wayne, PA 19087
Telephone: 484/588-5516
484/450-2582 (fax)

SAXENA WHITE P.A.
JONATHAN M. STEIN
5200 Town Center Circle, Suite 601
Boca Raton, FL 33486
Telephone: 561/394-3399
561/394-3382 (fax)

Additional Counsel for Plaintiffs

- 6 -

## CERTIFICATE OF SERVICE

Pursuant to the attached Declaration of Service by E-Mail, I hereby certify that a true and correct copy of the foregoing instrument has been served in accordance to the Texas Rules of Civil Procedure, to those listed on the attached service list, on this 19th day of March 2015.

/s/ Michael D. Marin
MICHAEL D. MARIN

- 7 -

1014174_1

## DECLARATION OF SERVICE BY E-MAIL

I, June P. Ito, not a party to the within action, hereby declare that on March 19, 2015, I served the attached PLAINTIFFS' RESPONSE TO DEFENDANTS STATOIL ASA AND FARGO ACQUISITION, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF OPPOSITION TO CLASS CERTIFICATION AND OBJECTIONS TO PLAINTIFFS' PROPOSED AMENDED PLAN FOR TRIAL OF CLASS CLAIMS on the parties in the within action by e-mail addressed as follows:

| Counsel for Defendant(s) | | |
|---|---|---|
| Timothy R. McCormick<br>Michael W. Stockham<br>Timothy E. Hudson<br>Debora B. Alsup<br>Danley Cornyn | Thompson & Knight LLP | timothy.mccormick@tklaw.com<br>michael.stockham@tklaw.com<br>tim.hudson@tklaw.com<br>debora.alsup@tklaw.com<br>danley.cornyn@tklaw.com |
| Michael C. Holmes<br>Jennifer B. Poppe<br>Thomas S. Leatherbury | Vinson & Elkins L.L.P. | mholmes@velaw.com<br>jpoppe@velaw.com<br>tleatherbury@velaw.com |
| Fields Alexander<br>Parth S. Gejji<br>Christopher R. Cowan | Beck Redden LLP | falexander@beckredden.com<br>pgejji@beckredden.com<br>ccowan@beckredden.com |
| Counsel for Plaintiff(s) | | |
| Michael Burnett | Armburst & Brown, PLLC | mburnett@abaustin.com |
| Kelly N. Reddell | Baron & Budd, P.C. | kreddell@baronbudd.com |
| Michael D. Marin | Boulette & Golden LLP | mmarin@boulettegolden.com |
| Evan J. Smith<br>Marc L. Ackerman | Brodsky & Smith, LLC | esmith@brodsky-smith.com<br>mackerman@brodsky-smith.com |
| Hamilton Lindley | Dunnam & Dunnam | hlindley@ dunnamlaw.com |
| Shane T. Rowley | Levi & Korsinsky LLP | srowley@zlk.com |
| Joe Kendall<br>Daniel Hill<br>Jamie J. McKey | Kendall Law Group, LLP | jkendall@kendalllawgroup.com<br>dhill@kendalllawgroup.com<br>jmckey@kendalllawgroup.com |
| Denis F. Sheils | Kohn, Swift & Graf, P.C. | dsheils@kohnswift.com |
| Brian J. Robbins<br>Stephen J. Oddo<br>Edward B. Gerard | Robbins Arroyo LLP | brobbins@robbinsarroyo.com<br>soddo@robbinsarroyo.com<br>egerard@robbinsarroyo.com |
| Katharine M. Ryan<br>Richard A. Maniskas | Ryan & Maniskas, LLP | kryan@rmclasslaw.com<br>rmaniskas@rmclasslaw.com |
| Jonathan M. Stein | Saxena White P.A. | jstein@saxenawhite.com |
| Willie C. Briscoe | The Briscoe Law Firm | wbriscoe@thebriscoelawfirm.com |
| Patricia C. Weiser<br>James M. Ficaro | The Weiser Law Firm, P.C. | pw@weiserlawfirm.com<br>jmf@weiserlawfirm.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 19, 2015, at San Diego, California.

_____
JUNE P. ITO